Alfonso de Cumpiano, Juez Ponente
*892 TEXTO COMPLETO DE LA RESOLUCION
La Autoridad de Edificios Públicos (AEP) y la Administración de Vivienda Pública (AVP) solicitan de este Tribunal revisión de una decisión del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se denegó su moción de desestimación de la acción instada por Constructora Estelar, S.E. en su contra. Plantean, en síntesis, que procedía la desestimación toda vez que se estaba llevando a cabo un proceso de arbitraje en el cual se dilucidarían todas las reclamaciones de Constructora Estelar.
Brevemente, la controversia surge ante unos contratos de construcción entre la AEP, la AVP y Constructora Estelar para remodelar seis (6) proyectos de vivienda pública. Seaboard Surety (Seaboard) emitió fianza de pago y ejecución para cada uno de los seis (6) proyectos a remodelarse. A causa de alegados atrasos, la AEP y la AVP declararon en incumplimiento a Constructora Estelar en todos los proyectos. Constructora Estelar, alegando continuos incumplimientos de la AEP y la AVP, les declaró también en incumplimiento en dos de los proyectos. La fiadora, Seaboard, solicitó dilucidar en arbitraje la declaración de incumplimiento en cuanto a los dos proyectos, Ramos Antonini y Torres de la Sabana, y asumió responsabilidad por los restantes cuatro.
La AEP, la AVP, Seaboard y Constructora Estelar comparecieron en contratos para completar obra ("Takeover Agreements") respecto a los seis proyectos. Sólo en los "Takeover Agreements" referentes a los proyectos Ramos Antonini y Torres de Sabana se establece que la resolución de la controversia sobre el incumplimiento de estos dos proyectos se resolvería por arbitraje y que cualquier otra causa de acción de las partes por daños causados por incumplimiento de contrato, podría ser iniciada ante los tribunales. La cláusulas pertinentes al arbitraje y sobre la excepción, rezan así en el idioma inglés en el cual están redactadas.

"...the parties except as otherwise provided herein hereby agree and covenant to determine the propriety of the default issue and to submit said disputes to arbitration..."

"Notwithstanding any other provision of this Agreement, no cause of action that either party to the construction contract might have against the other for damages caused by nonperformance of contract shall not be submitted to arbitration. The party to the construction contract which feels entitled to such cause of action shall be authorized to initiate such action in any court of competent jurisdiction."

En todos los "Takeover Agreements" se incluye una cláusula que provee expresamente que nada de lo contenido en ellos puede considerarse como una renuncia a cualquiera de los derechos de Constructora Estelar.
Así las cosas, Constructora Estelar y otros co-demandantes instaron demanda contra la AEP, la AVP y Seaboard en solicitud de remedios tanto contractuales como extracontractuales. Las causas contractuales se basan en alegados incumplimientos en cuanto a contratos de construcción para los seis proyectos, mientras que los extracontractuales, se refieren a alegados daños ocasionados a Constructora Estelar por las demandadas. La demanda enmendada comprende en las causas de acción alegaciones de culpa, negligencia, craso menosprecio al daño, interferencia con relaciones contractuales, ausencia de buena fe y falta de pago.
La AEP presentó moción de desestimación a la cual se unió posteriormente la AVP, alegando que las reclamaciones de Constructora Estelar eran realmente contractuales y que debían ser dilucidadas mediante arbitraje. Luego de varios trámites judiciales, incluyendo consideración de los escritos de las partes y celebración de vista argumentativa, el tribunal denegó la desestimación a base de los planteamientos en oposición de Constructora Estelar.
En su recurso ante este Tribunal, las peticionarias reproducen sus argumentos en cuanto a la procedencia de la desestimación. Insisten que las cláusulas en los "Takeover Agreements" de los aludidos dos proyectos requieren arbitrar todas las controversias y que las reclamaciones en su contra *893 son de naturaleza contractual, que Seaboard aceptó la responsabilidad por el incumplimiento de cuatro proyectos y que el alegado incumplimiento de la AEP en los dos proyectos pactados para arbitraje afectó el desempeño de los restantes. Argumentan, además, que Constructora Estelar no es parte en los "Takeover Agreements" por lo que no le aplican sus cláusulas.
Considerados esos planteamientos, así como las oposiciones al recurso de Seaboard y de Constructora Estelar a la luz de los documentos y el derecho aplicable, determinamos que no procede la expedición del recurso.
En primer lugar, es reconocido que las partes en un convenio pueden incluir cláusulas para someter a arbitraje cualquier controversia que exista o que pueda existir en un futuro entre ellas a raíz del convenio. Los principios generales del arbitraje contractual bajo los que deben examinarse las cláusulas en cuestión son que: 1) las partes tienen amplia libertad para incluir en el convenio de sumisión cualquier punto que consideren apropiado y el árbitro vendrá obligado a darle cumplimiento, 2) ese convenio de sumisión es el que le confiere al árbitro su facultad decisional y delimita su alcance, 3) será nulo un laudo si el árbitro se excede en los poderes a él conferidos por el contrato de sumisión. Rivera v. Samaritano & Co., Inc., 108 D.P.R. 604 (1979); Ley de Arbitraje de Puerto Rico, Ley Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. secs. 3201 y siguientes. En este caso, los "Takeover Agreements" de los referidos dos proyectos son claros en limitar el arbitraje a la sola controversia respecto al incumplimiento. Las reclamaciones de Constructora Estelar están excluidas de dicho procedimiento, conforme las disposiciones contractuales a que hemos hecho referencia, y no procede, por tanto, su desestimación judicial.
En segundo lugar, la acción de asunción de fianza por Seaboard es independiente de las causas de acción de Constructora Estelar y no da base alguna para limitar sus reclamaciones y desestimarlas. Los contratos en cuestión expresamente proveen que nada de lo allí contenido puede considerarse como renuncia de Constructora Estelar a cualquiera derechos de ésta.
Tercero, el argumento de las peticionarias en cuanto a la no aplicabilidad de las disposiciones de los acuerdos a Constructora Estelar, no tiene validez y es inconsistente con su posición de que dichos acuerdos le obligan al arbitraje de todas sus reclamaciones.
Finalmente, en cuanto a la posición de las peticionarias a los efectos que Constructora Estelar no tendría causa de acción de determinarse en arbitraje que la declaración de incumplimiento por parte de la AEP estuvo correcta y, por ende, que procede la desestimación, da al traste con los criterios establecidos para evaluar las mociones de desestimación. Como antes señalamos, la demanda en este caso comprende varias alegaciones de actuaciones de las peticionarias, las que frente a una moción de desestimación, deben darse por ciertas e interpretarse liberalmente a favor de la parte demandante. Además, tendría el tribunal que determinar que con toda certeza, la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados. Pressure Vessels of P.R. v. Empire Gas of P.R., _ D.P.R. _ (1994), 94 J.T.S. 144, pág. 425. A base de esos criterios, no erró el tribunal al rechazar la contención de las peticionarias que presupone una interpretación restrictiva de las varias reclamaciones incluidas en la demanda.
En virtud de todo lo anterior se deniega la expedición del recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General